IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEE VANG,

                        Petitioner,                        ORDER

    v.

LIZZIE TEGELS, Warden,                            19-cv-544-wmc
Jackson Correctional Institution,

                        Respondent.

---

      Lee Vang, an inmate at the Jackson Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 provides that when conducting this review,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the court's initial review of habeas petitions, it looks to see whether the petitioner has set forth cognizable constitutional or federal law claims, exhausted available state remedies, and whether the petition is timely.

      The subject of the petition is Vang's 2015 conviction in the Circuit Court for Milwaukee County for second-degree sexual assault, victim intimidation, battery, two counts of bail jumping and two counts of disorderly conduct. Vang was convicted after a jury trial, after which he filed a post-trial motion alleging that his trial lawyer was ineffective for failing to object to the admission of three pieces of evidence. The trial court denied his motion without a hearing, the

Wisconsin Court of Appeals affirmed, and the Wisconsin Supreme Court denied Vang's petition for review on May 8, 2018.

Although Vang filed his petition within the one-year limitations period, I cannot tell from the petition why he claims that he is being held in violation of the Constitution, laws, or treaties of the United States. Vang refers to the Sixth and Fourteenth Amendments, but he does not "state the facts supporting each ground," as he is required to do. Rule 2(c) of the Rules Governing Section 2254 Cases (petition must specify all the grounds for relief and state the facts supporting each ground). Vang probably wants to pursue the same claims of ineffective assistance of counsel that he exhausted in the Wisconsin courts, but he has not provided enough information in the petition to make that clear.

Accordingly, **not later than September 9, 2019**, Vang must file with the court a supplement to his petition in which he states the grounds on which he is seeking relief, along with some basic facts supporting each ground.

Entered this 8th day of August, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge