IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEE VANG,

        Petitioner,

v.

LIZZIE TEGELS, Warden,
Jackson Correctional Institution,

        Respondent.

ORDER

19-cv-544-wmc

---

Lee Vang brings this habeas corpus proceeding under 28 U.S.C. § 2254 to challenge a 2015 conviction in the Circuit Court for Milwaukee County. After screening the petition, this court determined that Vang was asserting ineffective assistance of counsel on three different grounds, and it ordered a response for the state. Dkt. 7. The state filed its response on August 4, 2020, asserting that Vang had procedurally defaulted two of the three claims by failing to include them in his petition for review with the Wisconsin Supreme Court, and that the third involved a state law issue not cognizable on federal habeas review. Dkt. 11. Vang has now filed a motion to stay the petition and hold it in abeyance so that he can pursue additional claims –- not asserted in his petition — in the state courts. Dkt. 14. Vang describes these claims as follows: (1) violation of Due Process as a result of judicial bias; (2) deprivation of his right to a fair and impartial tribunal under the Sixth Amendment; and (3) ineffective assistance of trial, postconviction and appellate counsel. In the alternative, Vang asks for permission to file an amended petition detailing the claims for the court.

Under 28 U.S.C. § 2242, a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 11, Rules Governing § 2254 Cases. So, Rule 15 of the Federal Rules of Civil Procedure governs

whether Vang may amend his habeas petition. *See* Fed. R. Civ. P. 15. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As for a stay, district courts should grant a request to stay a federal habeas petition and hold it in abeyance only when (1) there is "good cause" for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) the petitioner did not engage in "intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 274-276 (2005).

Vang has not provided enough information in his motion to allow respondent or the court to assess whether amendment or a stay are warranted. Accordingly, the court must deny his request to amend his petition or place it in abeyance at this time. However, the court will suspend the briefing schedule on the initial petition temporarily so that Vang can submit an amended petition that describes the facts underlying his unexhausted claims with sufficient detail to permit the court to assess their potential merit. Vang should also explain why there is good cause for his failure to have pursued these claims in state court or to have included them in his habeas petition in the first place. Once Vang has submitted his amended petition and supplemental support for a stay, the presiding judge will review the case to determine whether to allow the amendment and grant a stay.

ORDER

1. Petitioner Lee Vang's motion for stay and abeyance, dkt. 14, is DENIED at this time, without prejudice.

2. The briefing deadlines on the initial petition are STRICKEN.

3. Not later than September 25, 2020, petitioner should submit an amended petition detailing his unexhausted claims, along with a new motion for stay and abeyance, that addresses the standards for a stay set out in *Rhines v. Weber*, 544 U.S. 269 (2005), described in this order.

Entered this 26th day of August, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge