IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LEE VANG,

                Petitioner,                OPINION AND ORDER

v.

                                              19-cv-544-wmc

LIZZIE TEGELS, Warden,
Jackson Correctional Institution,

                Respondent.

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Before the court are petitioner Lee Vang's motions to file an amended petition, and for an accompanying stay so that he may return to the Wisconsin courts to exhaust certain claims of ineffective assistance of counsel. For reasons explained below, the court will deny both motions.

BACKGROUND FACTS

Vang filed his petition for habeas corpus relief on July 3, 2019, challenging his 2015 conviction in the Circuit Court for Milwaukee County for second-degree sexual assault, victim intimidation, battery, two counts of bail jumping, and two counts of disorderly conduct. (Pet. (dkt. #1).) On August 8, 2019, Magistrate Judge Stephen Crocker screened the petition, found that it lacked sufficient information to determine whether Vang had stated any constitutional grounds for relief, and directed Vang to file a more detailed supplement. (8/8/19 Order (dkt. #3).) After Vang complied with his order, Judge Crocker ordered on June 8, 2020, that the state respond to the petition, having determined that Vang was asserting ineffective assistance of counsel on these apparently exhausted grounds:

> (1) Failing to object to hearsay testimony offered by Officer Anderson, recounting a statement he took from the alleged victim about the sexual assault incident;
>
> (2) Failing to object during cross-examination when the state asked Vang why he had said during previous testimony that he had engaged in an "illegal" street race; and
>
> (3) Failing to object on cross-examination when the state elicited an acknowledgement from Vang that his case had been featured on a Fox 6 News Segment entitled "Wisconsin Most Wanted."

(6/8/20 Order (dkt. #7).)

The state filed its response on August 4, 2020, asserting that Vang had procedurally defaulted his second and third claims by failing to include them in his petition for review with the Wisconsin Supreme Court, and his first claim involved a state law issue not cognizable on federal habeas review. (Dkt. #11.) On August 24, 2020, Vang then filed a motion to stay his petition and hold it in abeyance so that he could pursue additional claims of ineffective assistance of counsel -- not asserted in his petition -- in the state courts. (Dkt. #14.)

On August 26, 2020, Magistrate Judge Crocker determined that Vang had not provided enough information in his motion to permit the court to determine whether grounds existed to warrant a stay. (8/26/20 Order (dkt. #15) 2.) Accordingly, he denied the motion without prejudice, struck the briefing deadlines on the initial petition, and directed Vang to submit an amended petition "detailing his unexhausted claims, along with a new motion for stay and abeyance, that addresses the standards for a stay set out in *Rhines v. Weber*, 544 U.S. 269 (2005)." (*Id*. at 3.) Vang submitted an amended petition and motion to stay on September 24, 2020. (Dkt. ## 16, 17.) In his amended petition,

2

Vang proposes to add the following grounds for relief:

> (4) Trial and appellate counsel were ineffective for failing to argue that the erroneous admission of hearsay testimony that was the subject of Ground One violated Vang's Sixth Amendment right to confrontation;
>
> (5) Trial counsel was ineffective for seeking the trial judge's recusal after the judge "expressed her opinion of the Petitioner and his 'pattern of behavior,' just before jury selection was set to begin";
>
> (6) Trial counsel was ineffective for failing to object or move for a mistrial when the trial judge allowed the state to lead a witness "for a couple questions"; and
>
> (7) Appellate counsel provided ineffective assistance by failing to argue on appeal that the trial judge was biased based on the judge's statement in her order denying petitioner's motion for postconviction relief that she found the complaining victim's testimony at trial to be "completely credible."

Although not called for by Magistrate Judge Crocker's order, on October 14, 2020, the state filed a brief opposing the amended motion to stay on October 14, 2020 (dkt. #18), and Vang filed a brief in reply on November 4, 2020 (dkt. #21).

OPINION

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that district courts are not precluded by the Antiterrorism and Effective Death Penalty Act from issuing stays in habeas cases. The Court recognized that the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement of *Rose v. Lundy*, 455 U.S. 509 (1982), creates a risk that a petitioner who comes to federal court with a "mixed" petition might "forever los[e] [the] opportunity for any federal review of [the] unexhausted claims." *Id*. at 275. While recognizing that the issuance of a stay is a way to reduce this risk, the

3

Court held that the procedure should be employed "only in limited circumstances" so as not to undermine AEDPA's twin goals of encouraging finality of state court judgments and encouraging petitioners to seek relief from the state courts in the first instance. *Id*. at 277. More specifically, granting a stay was deemed inappropriate unless: (1) the district court finds "good cause" for the petitioner's failure to exhaust his claims first in state court; *and* when the unexhausted claims are not "plainly meritless." *Id*.

Here, Vang's motion to amend his petition and his companion motion for a stay will be denied because the new claims that he seeks to add are plainly meritless. Ground Four has no merit because the Confrontation Clause bars out-of-court, testimonial statements of a witness *only* when the witness is unavailable, *and* the defendant did not have the opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Id.* at 59 n.9; *see also United States v. Smith*, 816 F.3d 479, 481 (7th Cir. 2016) ("[A]ll statements by witnesses who are available for cross-examination" are "outside the Sixth Amendment[.]") Because Officer Anderson *was* present at trial, a Confrontation Clause challenge to his hearsay testimony would have failed, and Vang's counsel was plainly *not* ineffective for failing to raise it.

Grounds Five through Seven, which appear generally to allege due process violations based on actions by the trial court, are also without merit. Whatever opinion the trial judge might have expressed about Vang and his "pattern of behavior," Vang does not allege that the judge expressed her opinion in front of the jury, and in any event, Vang's vague

4

description of the remark falls far short of showing any unconstitutional bias. *Accord Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) (observing that "most matters relating to judicial disqualification [do] not rise to a constitutional level") (quoting *FTC v. Cement Institute*, 333 U.S. 683, 702 (1948)). Likewise, the court's decision to permit the prosecutor to ask "a couple" leading questions was well within her discretion to manage the presentation of the evidence at trial, and Vang does *not* articulate any resulting prejudice. Finally, Ground Seven is without merit because the trial court plainly made the challenged statement in the context of ruling on Vang's post-conviction motion for a new trial. Nothing in the due process clause prohibits trial courts from assessing the credibility of witnesses when being asked to overturn a jury conviction, as Vang apparently seeks this court do.

Given that Vang's new claims fail to state cognizable grounds for habeas relief, there is no point to allow him to amend his petition, much less to allow him to return to state court to exhaust meritless claims. Accordingly, his motions must be denied, and this case will proceed on the claims set forth in Vang's initial petition.

ORDER

IT IS ORDERED:

(1) Petitioner's Motion to File an Amended Petition (dkt. #16) is DENIED;

(2) Petitioner's Motion for Stay and Abeyance (dkt. #17) is DENIED; and

(3) Petitioner's brief in support of the original petition (dkt. ##1, 6) is due on July 8, 2021. Once petitioner submits his brief or his time to submit a brief expires, respondent

shall file a brief in response to the petition within 30 days. Once respondent files a brief in opposition, petitioner shall have 20 days to file a reply if he wishes to do so.

Entered this 8th day of June, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge